IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH W. HUNTER, TDCJ #1981619, ) <br> (prior Dallas County # 13034945), ) <br>       Plaintiff, ) <br> vs. ) <br> ) <br> DALLAS COUNTY SHERIFF ) <br> DETENTION BUREAU, ) <br>       Defendants. ) | No. 3:15-CV- 2536-D-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed in Forma Pauperis*, received July 31, 2015 (doc. 4). Based on the relevant filings and applicable law, the application should be denied, and this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

On July 31, 2015, Joseph W. Hunter (Plaintiff), an inmate at the Texas Department of Criminal Justice (TDCJ) Holland Unit, filed an unsigned complaint under 28 U.S.C. § 1983 against the Dallas County Sheriff's Detention Bureau (Defendant). (doc. 3 at 1, 5.)[1] He contends that his prosecution in Cause No. F12-59492 in the 265th Judicial District Court was malicious, and that unnamed parties arrested him without probable cause on August 25, 2012, and violated his rights to be free from unlawful search and seizure and to a speedy trial. (*Id.* at 3-4.)[2] While he was

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff previously made the same allegations concerning his prosecution in case No. F12-59492 in a pending habeas action under 28 U.S.C. § 2241, *Hunter v. State of Texas,* No. 3:15-CV-2176-M (N.D. Tex.). (*Id.,* doc. 6 at 1-2.) On July 14, 2015, it was recommended that the habeas case be dismissed for lack of jurisdiction. (*Id.* at 4.)

incarcerated on charges in Cause No. F13-56295 in March 2014, Plaintiff was indicted and arraigned in F12-59492. (*Id.* at 4.) He was convicted in Cause No. F13-56295 and sentenced to 25 years on August 28, 2014. (*Id.*) He claims that he "continued to serve time" in the Dallas County jail while awaiting trial in Cause No. F12-59492, but the case was dismissed on motion of the Dallas County District Attorney on February 4, 2015. (*Id.*)[3] No process has been issued.

## II. THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff's complaint identifies one prior lawsuit that he has filed, *Hunter v. Watkins, et al.*, No. 3:14-CV-1894-B (N.D. Tex. Feb. 10, 2015). (doc. 3 at 2.) He filed that suit under his prior Dallas County identification number, #13034945. (*See* No. 3:14-CV-1894-B, doc. 3 at 1.) He has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted under his prior Dallas County number, #13034945.

---

[3]The recommendation in the habeas case notes that Plaintiff was convicted of aggravated assault on August 28, 2014 in Cause No. F13-56295, and sentenced to 25 years of imprisonment. (*See* No. 3:15-CV-2176-M, doc. 6 at 1-2.) The District Attorney's Office subsequently moved to dismiss No. F12-59492 after weighing the cost of returning him to Dallas to stand trial against the probability that any sentence imposed would not increase the time that he was already serving. (*Id.*)

*See Hunter v. Watkins, et al.,* No. 3:14-CV-1894-B (N.D. Tex. Feb. 10, 2015)[4]; *Hunter v. Watkins, et al.*, No. 3:14-CV-1817 (N.D. Tex. Jan. 6, 2015) ; *Hunter v. Watkins, et al.*, No. 3:14-CV-1536-N (N.D. Tex. June 6, 2014). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's application for leave to proceed *in forma pauperis* should be denied, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he files a signed complaint and pays the full $400 filing fee[5] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 3rd day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4]The partial judgment in No. 3:14-CV-1894-B provided Plaintiff notice that the partial dismissal of his § 1983 complaint as frivolous counted as a strike for purposes of § 1915(g). (*See id.*, doc. 29); *see also Flentroy v. Thaler*, 581 F. App'x 358 (5th Cir. 2014) (*per curiam*) (partial dismissal of a prisoner's § 1983 complaint as frivolous and for failure to state a claim counted as a strike).

[5]As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id*.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE